| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| Little Discoveries Day Care Inc, | | |
| Debtor-in-Possession | : | Case No. 20-bk-00051-RNO |
| | : | |

# DEBTOR'S AMENDED PLAN OF REORGANIZATION, DATED SEPTEMBER 8, 2020

## ARTICLE 1
## SUMMARY

This Amended Plan of Reorganization (Plan) under Chapter 11 of the Bankruptcy Code (Code) proposes to pay the priority creditors' claims, the secured creditors' arrearage claims and all of the allowed unsecured claims of Little Discoveries Day Care Inc (Debtor), in full.

This Plan addresses 3 priority claims, 5 classes of secured claims, 1 class of unsecured claims and 1 class of equity interest holders. The Plan proposes that the priority claims shall be paid within four years of the effective date of the confirmed Plan.

All creditors and equity interest holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity interest holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult with one.**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

    2.01    <u>Class #1</u>    Secured Claim
                                        Monroe County Tax Claim Bureau
                                        Claim No. 4
                                        Collateral: Real property located at
                                        506 Ridgeview Dr., Bartonsville, PA 18321
                                        (Tax Parcel No. 12/9B/1/24)

Exhibit A

1

Case 5:20-bk-00051-RNO    Doc 55-1    Filed 09/08/20    Entered 09/08/20 23:24:23    Desc
Exhibit A (Amended Chapter 11 Plan)    Page 1 of 14

2.02 <u>Class #2</u> Secured Claim
Penn Barton Company
Claim No. 5
Collateral: Real property located at
506 Ridgeview Dr., Bartonsville, PA 18321
(Tax Parcel No. 12/9B/1/24)

2.03 <u>Class #3</u> Secured Claim
IRS
Claim No. 3
Collateral: Real property located at
506 Ridgeview Dr., Bartonsville, PA 18321
(Tax Parcel No. 12/9B/1/24)

2.04 <u>Class #4</u> Secured Claim
PA Dept. of Revenue
Claim No. 2
Collateral: Real property located at
506 Ridgeview Dr., Bartonsville, PA 18321
(Tax Parcel No. 12/9B/1/24)

2.05 <u>Class #5</u> Secured Claim
PA UCTS
Claim No. 1
Collateral: Real property located at
506 Ridgeview Dr., Bartonsville, PA 18321
(Tax Parcel No. 12/9B/1/24)

2.06 <u>Class #6</u> General Unsecured Claims
All allowed claims of unsecured creditors including
the unsecured portion of the claims of the IRS and
the PA Dept. of Revenue

2.07 <u>Class #7</u> Equity Interest Holders
Interest of the Shareholder, Carol J. Masten (100%)
in any remaining assets of the estate

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE FEES AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims</u>. Under §1123(a)(1), administrative expense claims, [gap period claims in an involuntary case allowed under §502(f) of the Code] and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under §503 of the Code [and a gap claim in an involuntary case allowed under 502(f) of the Code] will be paid in full on the effective date of the Plan), in cash or upon such terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 <u>Priority Tax Claims</u>. Each holder of a priority tax claim shall be paid, in full, in regular monthly installments within five years from the date of the order of relief.

The Debtor has three priority claims:

    a.    Priority Tax Claim of the Department of the Treasury - Internal Revenue Service (IRS)

The IRS filed a proof of claim (Claim No. 3) which sets forth a priority tax claim of $95,335.60. Also, the IRS has included a secured claim of $411,393.32 and an unsecured, nonpriority, claim of $85,960.10 in its proof of claim. The Debtor proposes to pay the IRS's priority tax claim of $95,335.60, in full, by making equal monthly payments of $3,972.32 for 12 months and then, $1,324.11 for 36 months, with the first payment due to the IRS within 30 days of the effective date of the confirmed Plan. (The secured claim and the unsecured, nonpriority, claim shall also be paid, in full, in accordance with their proposed treatment set forth in Article IV - TREATMENT OF CLAIMS;

    b.    Priority Tax Claim of Pennsylvania Department of Revenue

The Pennsylvania Department of Revenue filed a proof of claim (Claim No. 2) which sets forth a priority tax claim of $30,284.15. Also, the Pennsylvania Department of Revenue has included a secured claim of $87,986.76 and an unsecured, nonpriority, claim of $12,700.57 in its proof of claim. The Debtor proposes to pay the Pennsylvania Department of Revenue priority tax claim of $30,284.15, in full, by making equal monthly payments of $1,261.84 for 12 months and then, $420.62 for 36 months, with the first payment due to the Pennsylvania Department of Revenue within 30 days of the effective date of the confirmed Plan. (The secured and unsecured, nonpriority, claims shall also be paid, in full, in accordance with their proposed treatment set forth in Article IV - TREATMENT OF CLAIMS;

3
Case 5:20-bk-00051-RNO    Doc 55-1    Filed 09/08/20    Entered 09/08/20 23:24:23    Desc
Exhibit A (Amended Chapter 11 Plan)    Page 3 of 14

        c.       Priority Tax Claim of Commonwealth of Pennsylvania UCTS - Department of Labor and Industry

The Pennsylvania UCTS filed a proof of claim (Claim No. 1) which sets forth a priority tax claim of $997.22. Also, the Pennsylvania UCTS has included a secured claim of $154,166.98 and an unsecured, nonpriority, claim of $0.00 in its proof of claim. The Debtor proposes to pay the Pennsylvania UCTS's priority tax claim of $997.22, in full, by making equal monthly payments of $41.56 for 12 months and then, $13.85 for 36 months, with the first payment due to the Pennsylvania UCTS within 30 days of the effective date of the confirmed Plan. (The secured claim shall also be paid, in full, in accordance with the proposed treatment set forth in Article IV - TREATMENT OF CLAIMS;

Furthermore, if any additional, allowed, priority claims are discovered, Debtor proposes to pay them, in full, in regular installments within 5 years from the date of the order of relief. Finally, if the above referenced claims are not paid, in full, within 5 years from the order of relief, the case shall convert to Chapter 7 of the Bankruptcy Code.

       3.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date. After confirmation and within thirty (30) days after the end of each calendar quarter, the reorganized Debtor shall file with the court and serve on the United States Trustee a quarterly financial report for each calendar quarter (or portion thereof) during which the case remains open, in a format prescribed by the United States Trustee and provided to the Debtor by the United States Trustee.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

       4.01    Claims and interests shall be treated as follows under this Plan:

        1.       Classes of Secured Claims (Classes 1-5)

Debtor has five secured claims and, as such, has five classes of secured claims:

4

Case 5:20-bk-00051-RNO   Doc 55-1   Filed 09/08/20   Entered 09/08/20 23:24:23   Desc
Exhibit A (Amended Chapter 11 Plan)   Page 4 of 14

| Class # | Description | Insider? | Impaired? | Treatment |
|---|---|---|---|---|
| 1 | Monroe County Tax Claim Bureau (Claim No. 4)<br><br>Collateral:<br>Real property located at 506 Ridgeview Dr., Bartonsville, PA (Tax Parcel No. 12/9B/1/24)<br><br>Claim Amount:<br>336,097.80<br><br>Allowed Secured Claim:<br>336,097.80<br><br>Arrearage:<br>336,097.80<br><br>Priority of Lien:<br>1st priority | No | Yes | The MCTCB's secured claim is 336,097.80 and the arrearage is also 336,097.80. The MCTCB filed a Proof of Claim with regard to this amount and Debtor has no objection to the Proof of Claim. This claim is fully secured and is for unpaid real estate property taxes. The claim is impaired with regard to timing of payment because the real estate property taxes have already come due and Debtor is proposing to pay 100% of the claim, including any accrued interest. The Debtor proposes to pay the MCTCB's secured arrearage, in full, pro-rata, along with Debtor's other secured arrearages (Classes # 1, 3, 4 and 5). Payment to MCTCB shall begin after the payment of the priority tax amounts (month 49). The monthly payments shall be made in accordance with the Summary of Plan Payments as set forth in Article VII at page 11. Debtor shall continue to pay its post-petition real estate property taxes to MCTCB, outside the Plan. The total amount that Debtor is paying to the MCTCB is the full amount of the claim arrearage of 336,097.80. |

5

Case 5:20-bk-00051-RNO    Doc 55-1    Filed 09/08/20    Entered 09/08/20 23:24:23    Desc
Exhibit A (Amended Chapter 11 Plan)    Page 5 of 14

| 2 | Penn Barton Company (Claim No. 5)<br><br>Collateral:<br>Real property located at 506 Ridgeview Dr., Bartonsville, PA (Tax Parcel No. 12/9B/1/24)<br><br>Claim Amount:<br>345,954.49<br><br>Allowed Secured Claim:<br>345,954.49<br><br>Arrearage:<br>0.00<br><br>Priority of Lien:<br>2nd priority | No | Yes | No arrearage set forth in Proof of Claim. Debtor is proposing to continue to pay its regular monthly payments to Penn Barton Company (8,000.00 per month) when they come due beginning February 1, 2021. Debtor shall make those regular monthly payments outside the Plan. Also, upon the completion of payments, in connection with the Installment Sale Agreement, Penn Barton Company shall, thereafter, execute a deed in favor of Debtor. |

6

Case 5:20-bk-00051-RNO   Doc 55-1   Filed 09/08/20   Entered 09/08/20 23:24:23   Desc
Exhibit A (Amended Chapter 11 Plan)   Page 6 of 14

| 3 | Internal Revenue Service (Claim No. 3) <br><br> Collateral: Real property located at 506 Ridgeview Dr., Bartonsville, PA (Tax Parcel No. 12/9B/1/24) <br><br> Claim Amount: 592,689.02 <br><br> Allowed Secured Claim: 411,393.32 <br><br> Arrearage: 411,393.32 <br><br> Priority of Lien: 3rd priority | No | Yes | The IRS filed its Proof of Claim which includes a secured arrearage of 411,393.32. The Debtor proposes to pay the IRS's secured arrearage, in full, pro-rata, along with Debtor's other secured arrearages (Classes # 1, 3, 4 and 5). The first payment under the Chapter 11 Plan in connection with the IRS's secured claim shall begin after the priority tax claims are paid (month 49). The monthly payments shall be made in accordance with the Summary of Plan Payments as set forth in Article VII at page 11. |

7

| 4 | Pennsylvania Department of Revenue (Claim No. 2)

Collateral:
Real property located at 506 Ridgeview Dr., Bartonsville, PA (Tax Parcel No. 12/9B/1/24)

Claim Amount:
130,971.48

Allowed Secured Claim:
87,986.76

Arrearage:
87,986.76

Priority of Lien:
4th priority | No | Yes | The PA Dept. of Revenue filed its Proof of Claim which includes a secured arrearage of 87,986.76. The Debtor proposes to pay the PA Dept. of Revenue's secured arrearage, in full, pro-rata, along with Debtor's other secured arrearages (Classes # 1, 3, 4 and 5). The first payment under the Chapter 11 Plan in connection with the PA Dept. of Revenue's secured claim shall begin after the priority tax claims are paid (month 49). The monthly payments shall be made in accordance with the Summary of Plan Payments as set forth in Article VII at page 11. |
|---|---|---|---|---|

8

| 5 | Pennsylvania UCTS (Claim No. 1)<br><br>Collateral:<br>Real property located at 506 Ridgeview Dr., Bartonsville, PA (Tax Parcel No. 12/9B/1/24)<br><br>Claim Amount:<br>155,164.20<br><br>Allowed Secured Claim:<br>154,166.98<br><br>Arrearage:<br>154,166.98<br><br>Priority of Lien:<br>5th priority | No | No | The PA UCTS filed its Proof of Claim which includes a secured arrearage of 154,166.98. The Debtor proposes to pay the PA UCTS's secured arrearage, in full, pro-rata, along with Debtor's other secured arrearages (Classes # 1, 3, 4 and 5). The first payment under the Chapter 11 Plan in connection with the PA UCTS's secured claim shall begin after the priority tax claims are paid (month 49). The monthly payments shall be made in accordance with the Summary of Plan Payments as set forth in Article VII at page 11. |

9

2. General Unsecured Claims (Class 6)

The general unsecured creditors shall be paid 100% of their allowed claim amounts immediately after the payment of all previous class of claims. Debtor shall begin making payments to the general unsecured creditors, approximately, 121 months after 30 days from the effective date of the Plan. Payments shall be made, pro rata, to each general unsecured creditor. Distributions to the general unsecured creditors shall be made on a monthly basis. Payments shall be made to the general unsecured creditors until their claims are paid in full (100% Plan). The general unsecured claims shall be paid within 9 months with 9,551.13 to be paid each month to the IRS and 1,411.18 to be paid each month to the PA Dept. of Revenue until each unsecured clam is paid, in full.

3. Class of Equity Interest Holders (Class 7)

The Debtor has one equity interest holder in Class # 7. The equity interest holder is Carol J. Masten. She owns One Hundred (100%) Percent of the stock in Debtor. Also, she is an insider. It is proposed that Carol J. Masten retain her interest in the stock of Debtor and no payments shall be made to her with regard to her interest until all allowed claims are paid, in full. Consequently, this class is not impaired and she would not be permitted to vote, anyway, because she is an insider.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claims</u>. Debtor does not have any disputed claims.

5.02 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed (by a final non-appealable order).

5.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

10

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    6.01    Assumed Executory Contracts and Unexpired Leases.

    1. The Debtor believes that it does not have any executory contracts and/or expired leases.

    2. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a). None.

# ARTICLE VII
# MEANS OF IMPLEMENTING THE PLAN

    7.01    Implementing Plan.

    Since the filing of this Chapter 11 case, the Debtor has filed all of its Monthly Operating Reports. Also, Debtor has been able to pay all of its monthly obligations and its Quarterly Fees to the Office of the U.S. Trustee. The Debtor's most recently filed Monthly Operating Report is set forth as Exhibit B. As can be seen by a review of the Monthly Operating Report, Debtor has been able to pay its regular monthly bills despite the pandemic. Carol J. Masten, President of Debtor, has worked very hard to institute Covid compliant procedures in order to reopen the business and protect the children at the day care center. She is optimistic that as businesses reopen and people go back to work, the day care center will begin to, once again, operate at full capacity.

## Summary of Plan Payments

| Type or Class of Creditor | Creditor or Description of Creditor | Months | Monthly Payment | [Total Paid] |
|---|---|---|---|---|
| Priority Tax | IRS<br>PA Dept. of Revenue<br>PA UCTS | 1 - 12<br>1 - 12<br>1 - 12 | 3,972.32<br>1,261.84<br>41.56 | [47,667.84]<br>[15,142.08]<br>[498.72] |
| | IRS<br>PA Dept. of Revenue<br>PA UCTS | 13 - 48<br>13 - 48<br>13 - 48 | 1,324.11<br>420.62<br>13.85 | [47,667.96]<br>[15,142.32]<br>[498.60] |
| | IRS<br>PA Dept. of Revenue<br>PA UCTS | | | **[95,335.60]**<br>**[30,284.15]**<br>**[997.22** |
| Class # 1 (Secured) | Monroe County Tax Claim Bureau | 49 - 60<br>61 - 120 | 2,037.60<br>5,194.11 | [24,451.20]<br>[311,646.60]<br><br>**[336,097.80]** |
| Class # 3 (Secured) | IRS | 49 - 60<br>61 - 120 | 2,494.20<br>6,357.72 | [29,930.40]<br>[381,463.20]<br><br>**[411,393.32]** |
| Class # 4 (Secured) | PA Dept. of Revenue | 49 - 60<br>61 - 120 | 533.40<br>1,359.77 | [6,400.80]<br>[81,586.20]<br><br>**[87,986.76** |
| Class # 5 (Secured) | PA UCTS | 49 - 60<br>61 - 120 | 934.80<br>2,382.49 | <br><br>**[154,166.98]** |
| Class # 6 (General Unsecured) | IRS<br>PA Dept. of Revenue | 121 - 129<br>121 - 129 | 9,551.13<br>1,411.18 | **[85,960.10]**<br>**[12,700.57]** |

*Approximate because of rounding.
**Payments begin 30 days from the effective date of the Plan.
***Debtor's payment of $8,000.00 per month to Penn Barton begins on February 1, 2021 - outside the Plan.

12

**Debtor agrees that if the proposed payments referred to above are not made in accordance with the time frames set forth above then, the case shall convert to Chapter 7 of the Bankruptcy Code.**

7.02    Post-confirmation Management.  Carol J. Masten, President of Debtor, shall continue to manage the business after confirmation.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of the Plan.  The effective date of the Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Retention of Jurisdiction.  The Court specifically retains jurisdiction over the case to address any issue relating to Section 3.04 of the Plan and the Debtor's execution of the other terms of the Plan.

13

Case 5:20-bk-00051-RNO    Doc 55-1    Filed 09/08/20    Entered 09/08/20 23:24:23    Desc
Exhibit A (Amended Chapter 11 Plan)    Page 13 of 14

# ARTICLE IX
# CONFIRMATION OF PLAN

9.01     Vesting of Property.  Pursuant to Section 1141(b) of the Code, the confirmation of the Plan shall vest all property of the estate in Debtor as of the effective date of the Plan.

9.02     Discharge.  On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in Section 1141(d)(1)(A) of the Code, that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in Section 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in Section 1141(d)(6)(B).  After the effective date of the Plan your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

# ARTICLE X
# OTHER PROVISIONS

None.

Date:  09/08/20                                         /s/Carol J. Masten
                                                        Carol J. Masten, President
                                                        Little Discoveries Day Care Inc


Date:  09/08/20                                         /s/Philip W. Stock
                                                        Philip W. Stock, Attorney for
                                                        Little Discoveries Day Care Inc

14